Cox, J.
The relator, the Prosecuting Attorney of Hamilton county, sets forth in his petition that Norwood School District is a corporation under- the laws of Ohio, and is a Special School District No. 3 and 17, Columbia and Millereek townships.
That its Board of Education has always consisted of three members; that Harold Ryland, A. S. Stroeble, and Charles Brinkmeyer were the members of said board of education up to April 21, 1892, and the members holding over ar.e Stroeble and Brinkmyer.
In March, 1892, claiming to act under the provisions of section 8694 of “Giauquels Rev. Stat., which is the same as 8035 *2 —213 Smith & Benedict’s Revised Statutes of Ohio, an election was held by the qualified voters and electors to vote upon the proposition to increase the said board of education from three to five members, and said proposition was carried, and in accordance therewith at the annual election in April, 1892, said board of education undertook to increase the membership of said board from three to five under the provisions of section 8694, (8035' — 213) of the Revised Statutes of Ohio.
And the Board declared that Ryland, Cadman, and Weisenfelder were elected as such members, Ryland for three years, Weisenfelder for two years, and Cadman for one year, and said board as thus constituted, being composed of five members.
And relator avers that Ryland, Cadman and Weisenfelder unlawfully hold and exercise said office, and assume to do and perform the duties pertaining thereto, and calls upon them to show by what authority they claim to so act, and that they be adjudged not entitled thereto, and prays for judgment of ouster. To this petition there was a general demurrer filed by the defendants.
The whole question stands upon the right of the board to increase its membership from three to five, under section 8035-213 (or 8694) of the Revised Statutes. The question is strictly one of the construction of these sections of the statute, and if this increase of members from three to five be legal, it is agreed that all the necessary steps were taken to validate their election.
It is claimed by the relator that this is a special school district, and is governed by Revised Statutes, sec. 3923, which provides that the members may be increased to six under Revised Statutes sec. 3911, and 8035 — 213. The latter is a special act for Hamilton county. That act provides that in village districts of the county of Hamilton, the boards shall consist of five members, except in districts organized under the law providing for only three members, and in such districts' the members may be increased to five.
*3 Now the question is whether the words “ in such districts” apply to special school districts. In order to determine this question, we must look at the classification of school districts as provided for by the statute. Section 3885 divides school districts into city districts of the first grade of the first class, city districts of the second grade of the first class, city districts of the first class, city districts of the second class, village districts and special districts, and township districts.
A village district is defined by 3888 as each village, including the territory attached to it for school purposes, and excluding the territory within its corporate limits detached for school purposes, shall constitute'a school district to be styled a village district. Sec. 3891 defines the special school district as any school district now existing other than is described in section 3886 as city school districts of the first class, sec. 3887 as city school district of the second class, sec. 3888 as village districts and sec. 3890 as township districts.
Now, section 8035 — 213, enacted April 5, 1883, provides, that in these village districts, a board of education shall consist of five members, except in districts organized under a law providing for only three members, and in such districts, that is in village districts where the law provides that the board shall consist of three members, the membership shall be increased to five; but this has no reference to increasing the members of the boards of special districts, which is entirely a different thing from a village district.
In this same section, 8035 — 213, there is a provision in regard to special districts in Hamilton county, but that is where * the board of education of said districts now consists of six members, which reduces by different elections the number of said board down to five.
Sec. 8035 — 213 is an exception to sec. 3904 in the general school act, which provides that in village districts the board of education shall consist of six members, except districts organized under the law providing for only three, and in such districts the membership may be increased to six. By sec. 3923 *4 the board of a special school district shall consist of three members, and whenever the board of education, which consists of three members, desires that the board shall consist of six members, they may make such change, in the same manner as provided for city districts under section 3911.
D. Davis, for relator.
Spiegel & Bromwell, County Solicitors, for defendant.
Section 8035 — 213, in its provision in regard to special districts in Hamilton county, evidently refers to a case -wherein before the passage of that act, the board of education, of a special district had, under section 3923, increased its membership to six members, and where such board had before the passage of this latter section, 8035 — 213, increased its board to six members, and where at the time of the passage of that act it consisted of six members. Then the only provision in regard to the change of the number of members is that there shall be chosen at the next annual election for school officers, to be held on the second Monday of April, one member to serve for three years and annually thereafter, two members to serve for three years, except every third year, when only one person shall be elected to serve for three years.
We do not find anywhere an authority given for special school districts having a board consisting of three members, to increase their board to five members, and must hold the election increasing the membership of the board of this special district to five, to be null and void.
But inasmuch as section 3924 provides that a member elected under sec. 3923 shall serve as a member of the board until the election and qualification of his successor, it follows that Harold Ryland, who is sought to be deposed as a member under the illegal election, will hold his membership under his» former election until by a new election his successor be elected and qualified.
As to Cadman and Weisenfelder, we hold that they should be ousted from said office.